COPE, J.
 

 This is an appeal of a judgment on the pleadings determining entitlement to the possession of a deposit for the purchase of residential real estate. Based on the wording of the contract, we conclude that the deposit should have been awarded to the sellers, rather than the buyers.
 

 Julio and Christine M. Acosta (“Buyers”) entered into a contract to purchase a home being sold by Erik and Amy S. Bellon (“Sellers”) for $5.65 million. The Buyers posted a $100,000 deposit. The contract contained a financing contingency.
 

 The Buyers promptly applied for financing and kept the Sellers informed of the status of the loan application, as the contract required. Both parties understood that the property might not appraise at the sale price of $5.65 million.
 

 Under the contract, there was a commitment period with a deadline of twenty business days. The twentieth day was January 20, 2008. The Sellers say that on or before January 20, the Buyers were required to give a written notification to the Sellers stating whether or not they had obtained a loan commitment. The Buyers interpret the contract differently, and did not provide any written notification to the Sellers on or before January 20.
 

 On January 25, the Buyers learned that the bank’s appraiser had appraised the home at $4.8 million, significantly below the agreed price. The Buyers notified the Sellers that they were terminating the contract on account of the low appraisal. On February 7, the bank formally denied the Buyers’ financing application. The Buyers informed the Sellers and demanded return of their $100,000 deposit. The Sellers replied that under the contract provision, the Sellers were entitled to retain the deposit.
 

 Litigation ensued in the trial court, and the parties filed cross motions for judgment on the pleadings. The trial court ordered that the deposit be returned to the Buyers, and the Sellers have appealed.
 

 We respectfully disagree with the trial court on the issue of contract interpretation. So far as pertinent here, the contract required the Buyers to “provide Seller with either a written Financing commitment or approval letter (“Commitment”) or written notice that Buyer is unable to obtain a Commitment within
 
 20
 
 days from Effective Date ... (“Commitment Period”).” (Emphasis added).
 
 [1]
 
 This
 
 *1167
 
 language requires the Buyers to provide a written document to the Sellers on or before the twentieth business day. If the Buyers have obtained the written Commitment, then they are to provide that document to the Sellers. If the Buyers have not obtained a Commitment, they are to provide the Sellers with written notice of that fact on or before the twentieth business day.
 
 See generally
 
 The Florida Bar,
 
 Florida. Real Property Sales Transactions
 
 § 3.22 (“The terms and provisions of the financing contingency should be very specific, and any effective financing contingency clause must contain the following: ... a procedure for notifying the Seller that the contingency is met, that the contingency is not met, or that the contingency is waived.”).
 

 Under this contract, if the Buyers have been unable to obtain the Commitment and provide the Sellers with timely written notice (i.e., on or before the twentieth business day), then “either party may cancel this Contract and Buyer’s deposit will be refunded.” Of course, the Buyers may include in this notification a request for the Sellers to agree to extend the Commitment Period.
 

 The Buyers argue that they should be entitled to the benefit of the full twenty business days, without having to provide any written notification to the Sellers on the twentieth day. The Buyers contend that their notification to the Sellers was timely because it came within a few days after the expiration of the twenty-day period. The Buyers also say that they kept the Sellers informed about the status of the loan application and everyone was aware the application remained pending.
 

 Unfortunately for the Buyers, however, that is not what the contract says. By its terms the contract requires a written notification on or before the twentieth business day. The Buyers ultimately did not obtain financing and the transaction failed for that reason. Under the contract terms, “Buyer’s failure to provide Seller with written notice that Buyer is unable to obtain a Commitment within the Commitment Period will result in forfeiture of Buyer’s deposit(s).” The Sellers argue that this provision applies where, as here, (a) the Buyers did not provide the required notification on or before the last day of the Commitment Period, (b) the Buyers failed to obtain financing, and (c) the transaction failed as a result. We agree.
 
 [2]
 

 
 *1168
 
 For the stated reasons, we conclude that under the contract language, the Sellers were entitled to retain the deposit. In view of this conclusion, we do not need to reach the Buyers’ alternative argument regarding the contract addendum.
 

 For the stated reasons, we reverse the judgment and remand with directions to enter judgment in favor of the Sellers.
 

 [1]
 

 . The financing contingency stated:
 

 (b) Buyer will apply for new ... conventional ... financing ... at the prevailing interest rate and loan costs based on Buyer's creditworthiness (the "Financing”) within
 
 10
 
 days from Effective Date (5 days if left blank) and provide Seller with either a written Financing commitment or approval letter ("Commitment”) or written notice that Buyer is unable to obtain a Commitment within
 
 20
 
 days from Effective Date (the earlier of 30 days after the Effective Date or 5 days prior to Closing Date if left blank) ("Commitment Period”). Buyer will keep Seller and Broker fully informed about loan application status, progress and
 
 *1167
 
 Commitment issues and authorizes the mortgage broker and lender to disclose all such information to Seller and Broker. If, after using diligence and good faith, Buyer is unable to provide the Commitment and provides Seller with written notice that Buyer is unable to obtain a Commitment within the Commitment Period, either party may cancel this Contract and Buyer's deposit will be refunded. Buyer's failure to provide Seller with written notice that Buyer is unable to obtain a Commitment within the Commitment Period will result in forfeiture of Buyer's deposit(s). Once Buyer provides the Commitment to Seller, the financing contingency is waived and Seller will be entitled to retain the deposits if the transaction does not close by the Closing Date unless (1) the Property appraises below the purchase price and either the parties cannot agree on a new purchase price or Buyer elects not to proceed, (2) the property related conditions of the Commitment have not been met (except when such conditions are waived by other provisions of this Contract), or (3) another provision of this Contract provides for cancellation.
 

 (Emphasis added). This clause is part of the 2007 Residential Sale and Purchase Contract of the Florida Association of Realtors.
 

 [2]
 

 . The Buyers point out that there may be cases in which the Buyer has failed to provide the Seller with written notice at the end of the Commitment Period, but the transaction fails because of the Seller, for example, if the Seller fails to deliver marketable title. The Sellers reply that in such a circumstance the forfeiture provision would not apply. The Sellers
 
 *1168
 
 interpret the forfeiture clause as being applicable where there is a failure to give written notice on or before the end of the Commitment Period, the Buyers fail to obtain financing, and the transaction fails as a result.